# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDSEY K. SPRINGER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-05-1075-F |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Dismiss filed by Defendant, the United States of America (Defendant), as the real party in interest and in place of the named federal Defendants Fred Rice, Scott Penny, and Leland Neubauer. Plaintiff Lindsey K. Springer (Springer) filed a response; accordingly, the motion is ripe for disposition. The Court, upon full consideration of the applicable law, now **GRANTS** Defendant's Motion to Dismiss.

### BACKGROUND

In February 1997, the United States Tax Court (Tax Court) found Springer liable for his failure to file federal income tax returns and pay estimated taxes for the years 1990 through 1995. The Tenth Circuit Court of Appeals subsequently dismissed Springer's appeal.

In April 2005, Springer requested a Collection Due Process Hearing (CDP hearing) as a result of the Internal Revenue Service's (IRS) "Final Notice" detailing its intent to levy Springer's assets and collect on his federal income tax liabilities. The IRS conducted the telephone CDP hearing and, on August 16, 2005, issued two final

notices of determination (NODs) outlining the matters considered at the CDP hearing and sustaining the decision to levy.

Also in April 2005, Springer filed suit in federal court seeking injunctive relief. The Court dismissed the suit for lack of subject matter jurisdiction as the Tax Court maintained exclusive jurisdiction over Springer's underlying income tax dispute. Shortly before the Court's dismissal, Springer filed the instant action alleging twenty-one counts of error in the IRS's handling of the CDP hearing and issuance of the NODs. Defendant now moves the Court to dismiss Springer's amended complaint under FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

The dispositive issue in the instant action concerns the existence, or lack thereof, of the Court's subject matter jurisdiction to address the merits of Springer's suit. In his amended complaint, Springer requests the Court to review the IRS's August 2005 NODs issued as a result of the April 2005 CDP Hearing. In actuality, Springer's amended complaint challenges his tax liabilities underlying the NODs, the method by which Defendant assessed the tax liabilities, and the manner in which Defendant conducted the CDP Hearing resulting in the issuance of the NODs. (Pl.'s Compl., Dkt. No. 1, at ¶¶ 18-50.) In sum, Springer argues that the Court should quash the NODs and reverse the Tax Court because the underlying CDP hearing and tax assessment were faulty. The Court takes judicial notice of its previous order and concludes that the instant action is barred by res judicata. St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979); Def.'s Br., Dkt. No. 24, at 8, ¶ 18.

"The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued

final judgment", MACTEC, Inc. v. Gorlick, 427 F.3d 821, 831 (10th Cir. 2005), including jurisdictional issues, Stewart Sec. Corp. v. Guar. Trust Co., 597 F.2d 240, 242 (10th Cir. 1979).  Here, the Court previously entered final judgment dismissing an earlier action between the same litigants over the same general claim—Springer's income tax challenge—for a lack of subject matter jurisdiction.  (See Case No. CIV-05-466-F, Dkt. Nos. 33, 34.)  Moreover, Springer had a full and fair opportunity to litigate the issue of subject matter jurisdiction.  Id.  Consequently, res judicata bars the instant action.  MACTEC, 427 F.3d at 831 (listing elements of res judicata and its single exception); Stewart Sec. Corp., 597 F.2d at 242-43 (affirming trial court's dismissal of plaintiff's action under res judicata for lack of subject matter jurisdiction).  That Springer raises new alleged errors regarding the CDP Hearing, or the NODs issued as a result of the hearing, that were not raised in the previously dismissed action is irrelevant; any new alleged issues would have been subject to the same judgment.  Id.  In light of the foregoing, Defendant's Motion to Dismiss [Dkt. No. 23] is **GRANTED**, and the instant action is **DISMISSED** on the basis that res judicata bars the action.[1]

     IT IS SO ORDERED this 7th day of August, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1075p006(pub).wpd

---

[1] The Court also concludes that dismissal of this action is appropriate under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction for the reasons stated in Defendant's motion.